## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **MICHAEL MOLNAR,** | |
| **Plaintiff,** | Civ. No. 13-5338 (WJM) |
| **v.** | |
| **COVIDIEN LP,** | **OPINION** |
| **Defendant.** | |

### WILLIAM J. MARTINI, U.S.D.J.

Plaintiff Michael Molnar ("Molnar") brings this action alleging age discrimination by the Defendant Covidien LP ("Covidien"). This matter comes before the Court on Covidien's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCP"). The motion is decided without oral argument. Fed. R. Civ. P. 78. For the reasons set forth below, the Court **GRANTS** Covidien's motion and judgment is entered in its favor.

## I.    BACKGROUND

Molnar was employed at Covidien for approximately ten years—from May 2003 to January 2013—as the District Manager for Covidien's pharmaceutical sales organization in the New Jersey District. Defendant states that in fall 2012 Covidien was in the process of spinning off its pharmaceuticals business and conducted a reduction in force. (Def.'s Statement of Undisputed Facts ("Def. SOF") ¶ 51.) As part of this, Covidien's Analytics team reorganized the territories and the corresponding sales districts with the goal of maximizing value. (*Id.* ¶ 61-65.) The Vice President of Sales for Brands and a Human Resources employee (Heather Kertz) then determined the areas to cut based on the current and potential value of each sales territory and the specific dollar amount to be cut. (*Id.* ¶ 62.) According to Covidien, a determination that there was a high concentration of District Managers in the New York, New Jersey, and Philadelphia districts led to a conclusion that a District Manager from this northeast region would be eliminated as part of the reorganization. (*Id.* ¶ 71.) Covidien asserts that a similar decision

1

was made for the central region (Michigan and Ohio) and the southeast region (Florida). (*Id.* ¶ 72.)

In order to determine which District Managers from the regions should be eliminated, Covidien states that Kertz called each of the Regional Sales Directors, explained to them that a reduction in force was going to take place, and asked them to rate each of the employees being considered for lay-off. (*Id.* ¶ 73.) Covidien provided the following competency criteria to the Regional Sales Directors on which to rate the District Managers: action-oriented, leadership, and communication skills. (*Id.*) Molnar alleges that it is here that age discrimination entered the process, as the employee handbook lists "relevant experience and/or length of service" as a criteria for Covidien to consider when determining elimination. (Certification of Christopher P. Lenzo ("Lenzo Cert.") 20:10-21:21.) Moreover, according to Molnar, Kertz did not provide the Regional Directors with any guidance as to the meaning of the above terms, leaving it to their subjective opinions. (*See* Pl.'s Br. Opp. Mt. Summ. J. ("Pl. Br.") 7.)

Based on the criteria put forth by Covidien, Steve Patterson (age 34) from the New York District, Shannon Kelly (age 43) from the Philadelphia District, and Molnar (age 59) from the New Jersey District were considered for elimination from the northeast region. (Def. SOF ¶ 78.) Covidien states that Kertz created a spreadsheet to compile the performance assessment scores for each of these employees for the past two years as well as the competency ratings provided by the Regional Sales Directors, computing a total weighted score for each employee. (*Id.* ¶ 76.) The employee with the lowest total weighted score was selected for elimination. (*Id.* ¶ 77.) Patterson had a score of .90 and Kelly had .73 while Molnar had .65, which resulted in his elimination. (*Id.* ¶ 78.) Molnar disputes the criteria used by Covidien to arrive at these scores, arguing that they unfairly ignore his many years of high performance and corresponding positive evaluations. (Pl. Br. 8-9.)

After Molnar was laid off, the New Jersey district was eliminated and its territories were absorbed by the Philadelphia and New York districts. (Def. SOF ¶ 86.) In the other regions, a District Manager in Michigan (Larry McClure, age 59) and one from Florida (Kelly Nauert, age 34) were also selected for elimination. (Id. ¶ 87-88.) A Regional Sales Director was also eliminated as part of the reorganization. (Pl. Br. 7.) Nauert was moved to an open Territory Sales Representative position in her district and the Regional Sales Director was

permitted to relocate to take over another region. (*Id.*) Consequently, the only two individuals who were permanently laid off as part of this process were Molnar and McClure, both 59-years-old. Molnar notes that though an open Sales Representative position was available in Manhattan, Covidien never offered this position to him. (*Id.* at 8.)

Around six months later, Covidien expanded its sales force. (*Id.* ¶ 93.) Covidien states that this was due to the F.D.A. granting priority status review for a new drug, which meant a faster approval process. (*Id.*) As part of this expansion, the sales districts were redrawn and there was a District Manager opening in the newly created Newark district. (*Id.* ¶ 94.) Molnar argues that he was not offered this new position and Covidien asserts that Molnar never applied for it. The position was ultimately filled by another individual, who was 55-years-old. (*Id.* ¶ 95.)

In the interim, after his firing and prior to the hiring of the new individual, Molnar brought the instant action alleging age discrimination on the part of Covidien in violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. ("NJLAD"). Covidien removed the action to this Court and, after discovery, filed the instant motion for summary judgment.

## II.    STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Smith v. Johnson & Johnson*, 593 F.3d 280, 284 (3d Cir. 2010). On a summary judgment motion, the moving party must demonstrate that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 323. A factual dispute is genuine if "a reasonable jury could return a verdict for the non-moving party," and is material if it could affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The court considers all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007). If the non-moving party fails to demonstrate beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992), *cert. denied*, 507 U.S. 912 (1993).

## III.   DISCUSSION

Claims of employment discrimination, even those brought under New Jersey statutes, are assessed under the *McDonnell Dougal Corporation v. Green* burden-shifting test.  *See Andersen v. Exxon Co., U.S.A.*, 89 N.J. 483, 446 A.2d 486, 490 (1982); *Kremp v. Wachovia Bank, N.A.*, 451 F. App'x 151, 155 (3d Cir. 2011). Plaintiff carries the initial burden of establishing a *prima facie* claim.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  In order to establish a *prima facie* case of age discrimination under the NJLAD, Molnar must show that (1) he was a member of the protected class, (2) he was performing his job at a level that met his employer's legitimate expectations, (3) he was nevertheless fired, and (4) he "ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination."  *Monaco v. American General Assur. Co.*, 359 F.3d 296, 309 (3d Cir. 2004)).  At the summary judgment stage, plaintiff must present sufficient evidence "to convince a reasonable factfinder to find all of the elements of [the] *prima facie* case."  *Duffy v. Paper Magic Grp.*, 265 F.3d 163, 167 (3d Cir. 2001).  Should plaintiff meet this *prima facie* burden, the defendant employer may rebut the claim by showing some legitimate, non-discriminatory reason for the adverse employment action.  *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994).

Upon providing such a reason, the burden shifts back to plaintiff to demonstrate that the employer's explanation was in actuality a pretext for discrimination.  *Id.*  Pretext may be established either directly, by demonstrating that a discriminatory reason was the more likely motivation for the adverse employment action, or indirectly, by showing that the reason provided is not credible.  *Ezold v. Wolf, Block, Schorr and Solis-Cohen*, 983 F.2d 509, 523 (3d Cir. 1992).  However, plaintiff cannot merely show that the employer's decision was "wrong or mistaken."  *Abramson v. William Paterson College of N.J.*, 260 F.3d 265, 283 (3d Cir. 2001).  Instead, plaintiff must rebut the proffered reason by a preponderance of the evidence that allows "a factfinder reasonably to infer that each of the employer's proffered non-discriminatory reasons . . . was either a *post hoc* fabrication or otherwise did not actually motivate the employment action." *Fuentes*, 32 F.3d at 764.  As such, plaintiff must "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for non-discriminatory reasons."  *Id.* at 765 (quotations omitted).

4

## A.    Prima Facie Case of Age Discrimination

Molnar puts forth sufficient facts such that a reasonable factfinder could find a *prima facie* case of age discrimination.  It is not contested that Molnar (a 59-year-old employee) is a member of a protected class and that he was fired—an adverse employment action.  As to whether Molnar was performing at his job, at the *prima facie* stage, a plaintiff's qualification for the position he held is judged by objective standards.  *See Red v. Potter*, 211 F. App'x 82, 83 (3d Cir. 2006).  The Court finds that Molnar was meeting his employer's legitimate expectations based on the Regional Sales Director Gavin McGowan's statement[1] at his deposition that he would not have considered discharging Molnar but for the reduction in force, (*see* Def. SOF ¶ 82), and Covidien conceding in its papers that it "does not dispute [that] Molnar was a competent employee," (Def.'s Br. Supp. Summ. J., ECF No. 34, 16).

Lastly, as to the fourth element, Covidien admits in its papers that a position similar to Molnar's was re-created a few months later, the business reasons for doing so notwithstanding.  Covidien hired an employee at around the same age as Molnar (a 55-year-old employee) to fill this position.  However, the fact that a plaintiff was replaced by an individual of approximately the same age does not preclude a claim for unlawful age discrimination if plaintiff can demonstrate other circumstances indicating such discrimination.  *See Principe v. PRC Mgmt. Co.*, No. A-0450-12T4, 2014 WL 128023, at *7 (N.J. Super. Ct. App. Div. Jan. 15, 2014); *see also Arenas v. L'Oreal USA Products, Inc.*, 790 F. Supp. 2d 230, 236-37 (D.N.J. 2011) *aff'd*, 461 F. App'x 131 (3d Cir. 2012) (stating that "in establishing the fourth element of a prima facie case [of] age discrimination under the NJLAD, the focal question is not necessarily how old [or] young the claimant or [his] replacement was, but rather whether the claimant's age, in any significant way, made a difference in the treatment [he] was accorded by [his] employer" (internal quotations and citations omitted)).  When Molnar's replacement was hired on October 28, 2013, Plaintiff had already commenced the instant action and the Defendant had removed the action to this Court.  (*See* Def. SOF ¶ 95.)  The Court finds that based on Molnar's performance at his job and that his position was re-created shortly after he was fired, Molnar has demonstrated other indicia of unlawful discrimination and has fulfilled his "rather modest" evidentiary burden of putting forth a *prima facie* case.  *See Zive v. Stanley Roberts, Inc.*, 182 N.J. 436,

---

[1] McGowan was the Regional Sales Director of the northeast region and was tasked with evaluating the employees.

447, 867 A.2d 1133, 1139 (2005) (stating that "[t]he evidentiary burden at the *prima facie* stage is rather modest: it is to demonstrate to the court that plaintiff's factual scenario is compatible with discriminatory intent—*i.e.*, that discrimination could be a reason for the employer's action") (quotations and citations omitted).

## B.   Pretextual Reasons for Firing

Covidien meets its "relatively light burden" of showing a legitimate, non-discriminatory reason for Molnar's firing by stating that a reduction in force was the reason for eliminating positions and Molnar's low total weighted score was the non-discriminatory reason for his firing.  *See Fuentes*, 32 F.3d at 763. Correspondingly, Molnar rests his pretext arguments on: (i) Covidien's use of subjective criteria in formulating Molnar's rating during the review process, as part of which Covidien allegedly failed to follow its own policies; (ii) Covidien's failure to offer Molnar an available open position prior to his termination; and (iii) the re-creation of Molnar's job a few months after his firing.

### i.   Criteria Used in the Reorganization

Molnar argues that the competency ratings provided to the Regional Sales Directors by Kertz were subjective in nature, making them unworthy of credence and demonstrating pretext.  While "[a]n employer may not use evaluating criteria which lacks any relationship at all to the performance of the employee being evaluated[,] because to do so would be inconsistent with and contradictory to the employer's stated purpose," the Third Circuit has stated that "[a]bsent [that] type of violation . . . [courts should] not second guess the method an employer uses to evaluate its employees." *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 468 (3d Cir. 2005).  Consequently, Molnar fails to demonstrate that the competency ratings of "leadership," "communication skills," and "action-oriented" lacked any relationship to Molnar's position as District Manager or his performance.  In addition, Molnar does not put forth any evidence to suggest that there was discriminatory animus underlying the use of these ratings or even that Molnar's performance on these ratings were inconsistent with his past yearly performance assessments. (*See* Def. SOF ¶ 84.)

Furthermore, in so far as Molnar's argument is predicated on a disagreement with the assessment criteria used during the reorganization, this is insufficient to establish pretext. *Langley v. Merck & Co.*, 186 F. App'x 258, 261 (3d Cir. 2006) (stating that plaintiff's "disagreement with the assessment criteria and her belief

that she is better qualified [] is not sufficient to avoid summary judgment.")
Additionally, Molnar's conclusory allegations that the supposedly subjective
criteria should have been set aside and Covidien should have instead focused on
sales numbers and ranking is not supported by case law.  *See Simpson v. Kay
Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 647 (3d Cir. 1998) (stating that
"[t]he employee's positive performance in another category is not relevant [] and
neither is the employee's judgment as to the importance of the stated criterion.")
Further negating Molnar's argument, sales rank and sales volume were part of the
performance assessments—a "fairly big part" according to McGowan.  (*See* Def.
SOF ¶ 37.)  Moreover, Molnar's attempt to interpret these "objective" criteria in
his favor is precluded by the fact that the other two District Managers also
considered for termination ranked higher than him in them.  (*See* Williams Cert.
Ex. P; Def. SOF ¶ 41.)

Lastly, Molnar points to the employee handbook in a final attempt to
demonstrate pretext in the criteria used by Covidien, arguing that Covidien failed
to account for his experience and length of service.  However, the policy states that
the criteria for eliminating positions "*could include* skill set, performance, relevant
experience and/or length of service or other relevant business considerations."
(Lenzo Cert. Ex. I) (emphasis added).  Since Covidien's policy allows it to
consider any of these criteria in its evaluation, Covidien's choice not to consider
length of service and relevant experience did not necessarily run afoul of its own
policy—and Covidien used performance as a factor during the process.

Accordingly, Molnar fails to put forth evidence establishing that the criteria
used during the re-organization process were either directly demonstrative of a
discriminatory animus or so inconsistent, incoherent, contradictory, or arbitrary as
to demonstrate that Covidien's reason for his firing was pretext for unlawful age
discrimination.

### ii.  Available Open Position

Moving past the firing determination, Molnar attempts to demonstrate
pretext based on Covidien's failure to offer him a sales representative job that was
open at the time in New York.  Molnar, however, points to no authority supporting
his contention that Covidien should have offered him the available position.  The
little authority the Court was able to find limits any requirement to offer alternative
positions upon termination to instances where the employer has a practice of doing
so.  *See Jackson v. U.S. Steel Corp.*, 624 F.2d 436, 442-43 (3d Cir. 1980).  Molnar

neither provides any evidence of such a practice nor offers evidence to support his assertion that the employees he points to were offered the positions in question after they were terminated.  Further, Molnar does not state in his papers that he expressed an interest in the sales representative job—a lower-level position—let alone applied for it.  *See In re Carnegie Ctr. Associates*, 129 F.3d 290, 298 (3d Cir. 1997) (noting that laid off employee arguing that employer should have offered an alternative position must "show that [he] applied for the position.")  Lastly, the employees who did transition into other positions are distinguishable, as they either took a lateral position or stayed within the same district.  (*See* Williams Cert. Ex. CC, ECF No. 35-15, 32-34; Def. SOF ¶ 88.)  Neither was the case for Molnar with the sales representative position in New York.  *See Carnegie*, 129 F.3d at 298-99 (stating that it was "not unreasonable" for employer to assume employee would not accept a position that was lower and in which she did not express any interest.)  Consequently, the Court does not find that Molnar's argument regarding the availability of an open position demonstrates pretext to discredit Covidien's reason for the firing.

### iii.  Re-Creation of Position

Finally, Molnar points to the alleged re-creation of his job a few months after his firing as contradicting the reorganization explanation offered by Covidien, demonstrating a discriminatory animus towards Molnar and the other 59-year-old employee.  Covidien argues that the F.D.A.'s unanticipated approval of a new drug, Xartemis XR, required an expansion of the sales force and an ensuing reorganization.  (Def. SOF ¶¶ 90-94.)  According to Covidien, when it implemented the reorganization in January 2013 it did not know when or if this drug (among others) would be approved.  (*Id.* ¶ 90.)  As part of this subsequent reorganization, a District Manager position in Newark was created.  Though Molnar argues that this new position was essentially a re-creation of his eliminated New Jersey District Manager position, he does not put forth any evidence refuting the factual circumstances surrounding the F.D.A.'s approval of the drug or the ensuing necessity for the creation of this new position.

To demonstrate pretext, Molnar has to "produce evidence from which a reasonable factfinder could conclude either that [Covidien's] proffered justifications are not worthy of credence or that the true reason for the employer's act was discrimination." *Beryl v. Marriott Hotels*, 110 F.3d 986, 990 (3d Cir. 1997).  In his opposition, Molnar offers only suspicion and inferences, failing to

raise a genuine issue of material fact that Covidien's legitimate, non-discriminatory reason for his firing was in fact pretextual.  Therefore, the Court grants summary judgment in favor of Covidien as a matter of law.

## IV.   CONCLUSION

For the reasons above, the Court **GRANTS** Covidien's motion for summary judgment and enters judgment in favor of the Defendant.  An appropriate order follows.


/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 21, 2016**